2008 JUN 23 PM 3:27

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

$4,419.00 in U.S. CURRENCY and
ONE 2005 TOYOTA SIENNA LE.

Defendant.

CV 408-118

CIVIL NO.

## COMPLAINT OF FORFEITURE

NOW COMES the plaintiff, the UNITED STATES OF AMERICA, by and through Edmund A. Booth, Jr., United States Attorney for the Southern District of Georgia, and respectfully states as follows:

1.

This is a civil action *in rem* brought to enforce the following provisions of law: (A) 8 U.S.C. § 1324(b), which provides for the seizure and forfeiture of: any conveyance used in the commission of a violation of subsection 1324(a) [bringing in, harboring, transporting, employing unauthorized aliens]; the gross proceeds of such violation; and any property traceable to such conveyances or proceeds; (B) 18 U.S.C. § 981(a)(1)(C), which provides for the seizure and forfeiture of any personal property that constitutes or is derived from proceeds traceable to a violation of a specified unlawful activity under 18 U.S.C. § 1956(c)(7), which includes any act or activity constituting an offense listed at 18 U.S.C. § 1961(1), namely any act which is indictable under the Immigration and Nationality Act, section 274 [8 U.S.C. § 1324].

2.

This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court has *in rem* jurisdiction under 28 U.S.C. § 1355(b).

3.

Venue is proper pursuant to 28 U.S.C. § 1395, as the defendant property was seized in the Southern District of Georgia and will remain in the district's control throughout the pendency of this action.

4.

The defendant is $4419.00 in U.S. Currency and One 2005 Toyota Sienna LE.

5.

On or about May 18, 2005, a joint investigation was launched by U.S. Immigration and Customs Enforcement (ICE) and the Federal Bureau of Investigation (FBI) into suspicious activity reports made by The Heritage Bank in Hinesville, Georgia. Subsequent investigation indicated that Ben Da Zhu, the owner of the Orient Express restaurant in Hinesville, Georgia, had caused money wire transfers in excess of $500,000 to be sent from the bank to China. According to information provided by the bank, Ben Da Zhu would often accompany third persons to the bank and have the third persons serve as remitter for funds which Ben Da Zhu supplied. The amount of the individual wire transfers, consistently below the $10,000 reporting threshold, were indicative of structuring.

6.

A check of ICE's Central Index System indicated that, on or about August 17, 1992, Ben Da Zhu had been ordered excluded from the Untied States by an Immigration Judge in New York, New York. Of the various third persons who had served as money remitters on behalf of Ben Da Zhu at The Heritage Bank, four were identified as foreign nationals subject to outstanding Orders of Removal from the United States.

7.

A confidential informant (CI1) provided information during the course of the investigation indicating that Ben Da Zhu frequently traveled to New York City to pick up alien workers, newly arriving from China. According to CI1, Ben Da Zhu would transport the alien workers to Hinesville, Georgia, where he would train them to work in his restaurant, the Orient Express, as well as supply them to other Chinese restaurants in the Hinesville area in exchange for compensation.

8.

CI1 provided information indicating that Ben Da Zhu had provided trained cooks to the following four Chinese restaurants in the Hinesville area: Orient Express, Wok & Roll, Mandarin Garden, and China Super Buffet. CI1 further advised that Zhu visited these restaurants on a weekly basis to speak with the restaurant owners. Subsequent surveillance by federal agents indicated that Zhu visited these and other Chinese restaurants in the Hinesville area, usually spending about 10 to 15 minutes at each restaurant.

9.

CI1 subsequently identified five individuals working in Ben Da Zhu's restaurant, the Orient Express. Of these five individuals, four had outstanding warrants for deportation. Only one had been granted legal authority to work in the United States.

10.

A second confidential informant (CI2) provided information during the course of the investigation indicating that Ben Da Zhu housed alien workers at his residence, located at 14 Dogwood Street, Hinesville, Georgia. When agents conducted video surveillance of the residence, they observed Ben Da Zhu in a 2005 Toyota Sienna LE van (tag: E124HD), transporting between two and four Asian nationals to and from the Orient Express restaurant on six occasions in April and May 2007.

11.

On or about January 23, 2008, federal agents obtained and executed federal search warrants for Ben Da Zhu's residence and restaurant, the Orient Express. The search of the restaurant led to the seizure of $4,419.00 in U.S. Currency. In connection with the search of the residence, agents seized the 2005 Toyota Sienna LE van.

12.

The defendant property is subject to forfeiture as a conveyance used in the commission of a violation of 18 U.S.C. § 1324(a) [bringing in, harboring, transporting, or employing unauthorized aliens]; as the gross proceeds of such violation; and as property traceable to such conveyance or proceeds.

13.

WHEREFORE, the United States of America prays:

1. That due process issue to enforce the forfeiture and to give notice to the interested parties to appear and show cause why forfeiture should not be decreed;

2. That the defendant property – $4,419.00 in U.S. Currency and One 2005 Toyota Sienna LE – be condemned as forfeited to the United States of America and delivered into the possession of U.S. Customs and Border Protection, Department of Homeland Security, for disposition according to law; and

3. That this Court grant such further relief as this Court may deem just and proper.

This 23rd day of June, 2008.

Respectfully submitted,

EDMUND A. BOOTH, JR.
United States Attorney

Jessica L. McClellan
Assistant United States Attorney
Southern District of Georgia
Georgia Bar No. 436785

P.O Box 8970
Savannah, Georgia 31412
912.652.4422

## VERIFICATION OF COMPLAINT FOR FORFEITURE

I, Special Agent Scott B. McCormack, an agent of the U.S. Immigration and Customs Enforcement, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and correct.

This 23 day of June 2008.

_____
SPECIAL AGENT SCOTT B. MCCORMACK